UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DONALD W. WRIGHT, | Case No. C07-1719-JCC-JPD |
| Plaintiff, | |
| v. | |
| SNOHOMISH COUNTY, et al., | REPORT AND RECOMMENDATION |
| Defendants. | |

On November 30, 2007, this Court declined to serve plaintiff's complaint because it failed to state a claim upon which relief could be granted. Dkt. No. 11. The Court, however, gave plaintiff thirty days to file an amended complaint that corrected the deficiencies therein. On December 28, 2007, the Court partially granted plaintiff's motion for extension of time to file an amended complaint. Dkt. No. 14. A second extension was provided by the Court which allowed plaintiff until April 8, 2008 to file an amended complaint. Dkt. No. 16. Plaintiff failed to file an amended complaint by that date. Instead, he filed a "Motion to Excuse for Leave So As to Exhaust Remedies." Dkt. No. 18. After careful consideration of plaintiff's motion, the governing law and the balance of the record, the Court ORDERS as follows:

A.   Fed. R. Civ. P. 41(a)

Federal Rule of Civil Procedure 41(a)(1) permits a voluntary dismissal without prejudice only if the plaintiff files a notice of dismissal before the defendant files an answer or

REPORT AND RECOMMENDATION
PAGE – 1

summary judgment motion and the plaintiff has never previously dismissed an action "based on or including the same claim." Fed. R. Civ. P. 41(a)(1); *Wilson v. City of San Jose*, 111 F.3d 688, 692 (9th Cir. 1997).  Once the defendant has responded to the complaint, the plaintiff absolute right under Rule 41(a)(1) disappears, and the action may be dismissed only by stipulation or by order "upon such terms and conditions as court deems proper." Fed. R. Civ. P. 41(a)(2).

Here, the plaintiff has asked for a pre-answer leave to exhaust administrative remedies provided by the grievance procedures at the Airway Heights Corrections Center. Dkt. No. 18 at 4. Part of the plaintiff's prayer for relief includes the possibility that the Court dismiss this case without prejudice to enable plaintiff to exhaust those remedies and file a new complaint should the matter he complains of not be resolved by the prison grievance system. *Id.* at 3-4. The Court construes this as a motion for voluntary dismissal under Rule 41(a)(1), which should be GRANTED for the reasons stated above.

B.  Conclusion

For the foregoing reasons, the Court recommends that plaintiff's motion for voluntary dismissal be GRANTED and specifically, that this case be DISMISSED without prejudice. A proposed order accompanies this Report and Recommendation.

DATED this 30th day of May, 2008.

/s/ James P. Donohue

JAMES P. DONOHUE
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE – 2